IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1998 SESSION

FILED

February 19, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9804-CC-00189 |
| | ) | |
| | ) | Rutherford County |
| v. | ) | |
| | ) | Honorable James K. Clayton, Jr., Judge |
| | ) | |
| BRADLEY DAVIS, | ) | (Indecent exposure) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Gerald L. Melton
District Public Defender
 and
Russell N. Perkins
Assistant Public Defender
201 West Main St.
Murfreesboro, TN 37130

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
 and
Georgia Blythe Felner
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

William C. Whitesell, Jr.
District Attorney General
20 N. Public Square
303 Judicial Bldg.
Murfreesboro, TN 37130

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

Joseph M. Tipton
Judge

# O P I N I O N

The defendant, Bradley Davis, appeals as of right following his conviction in the Rutherford County Circuit Court for indecent exposure, a Class B misdemeanor. He received a sentence of six months confinement in the Rutherford County Workhouse to be served at seventy-five percent, suspended upon time served. The defendant contends that the evidence is insufficient to support his conviction. We affirm the judgment of conviction.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not reweigh the evidence but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Indecent exposure is defined as the following:

[I]n a public place . . . or on the private premises of another, or so near thereto as to be seen from such private premises [a person]:
(A) Intentionally:
(i) Exposes such person's genitals or buttocks to one (1) or more persons . . . and
(B) Reasonably expects the acts will be viewed by another and such acts:
(i) Will offend an ordinary viewing person; or
(ii) Are for the purpose of sexual arousal and gratification of the defendant.

T.C.A. § 39-13-511(b)(i).

When viewed in a light most favorable to the state, the proof at trial established that two women saw the defendant standing nude in the window of a second floor apartment. One of the women saw the defendant a few hours later crouching in the windowsill of the same apartment, and as she got closer to the apartment, the defendant stood up and exposed his nude body to her.

After full consideration of the record, the briefs, and the law governing the issue presented, we are of the opinion that the evidence is sufficient to support the defendant's conviction for indecent exposure and that no precedential value would be derived from the rendering of a full opinion. Therefore, we conclude that the judgment of the trial court should be affirmed pursuant to Rule 20, Tenn. Ct. Crim. App. R.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
John H. Peay, Judge

_____
Norma McGee Ogle, Judge